IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| DANA MARIE STEINER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 121-004 |
| | ) | |
| KENISHA SKAGGS and SOAR ACADEMY, | ) ) | |
| | ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in this employment discrimination action. Because she is proceeding IFP, Plaintiff's Complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*).

**I.   COMPLAINT ALLEGATIONS**

Taking all complaint allegations as true, as the Court must for purposes of the present screening, the facts are as follows.[1] On August 10, 2019, Defendant Soar Academy hired Plaintiff for the position of "Lead Teacher," and nearly one year later on June 29, 2020, Defendant terminated Plaintiff's employment because she purportedly angered parents, did not lead, scared a student, and "could not make a list of subjects that were forbidden to

---

[1] The Court includes facts gleaned from the complaint exhibits. See Madura v. Bank of Am., N.A., 767 F. App'x 868, 870 (11th Cir. 2019) (explaining court may consider exhibits attached to complaint when ruling on motion to dismiss); La Grasta v. First Union Sec., Inc., 358

discuss." (Doc. no. 1, pp. 5, 8.)  Plaintiff asserts the true reason for termination was her alleged disabilities of autism, depression, anxiety, and attention deficit disorder (ADD). (Id. at 4.)

On October 8, 2020, Plaintiff filed a charge with the United States Equal Employment Opportunity Commission ("EEOC"), alleging disability discrimination.  In her charge of discrimination Plaintiff described the circumstances concerning the termination of her employment and stated Defendant has "less than 5" employees. (Id. at 8.)  In its right to sue notice dated October 26, 2020, the EEOC listed the reasons underlying its decision to close the file as "[t]he Respondent employs less than the required number of employees or is otherwise not covered by the statute." (Id. at 7.)  Plaintiff timely filed this suit on January 7, 2021.  For relief, Plaintiff requests positive references for future work, payment of medical bills, and backpay through December 31, 2020. (Id. at 5.)

## II. DISCUSSION

### A. Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."

---

F.3d 840, 845 (11th Cir. 2004) (same).

Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*); Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

B.  **The Complaint Fails to Allege Soar Academy Employs Enough People to Satisfy the ADA Employee Numerosity Requirement**

An "employer" must employ "15 or more employees for each working day" in the current calendar year to be held liable under the ADA. 42 U.S.C. § 12111(5)(A). The "current" calendar year is the year in which the alleged discrimination occurred. See EEOC v. Pettegrove Truck Serv., Inc., 716 F. Supp. 1430 (S.D. Fla. 1989) (holding "current" year is the year in which the alleged discrimination occurred). "[T]he threshold number of employees for application of Title VII is an element of Plaintiff's claim for relief, not a jurisdictional issue." Arbaugh v. Y & H Corporation, 546 U.S. 500, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006).

The Complaint does not allege Defendant Soar Academy employed the statutory minimum of employees at the time of Plaintiff's employment termination. In addition, Plaintiff stated in the EEOC charge that Defendant Soar Academy employed five or less employees, and the EEOC listed as one reason for closing its file that Defendant did not have the requisite number of employees. (Doc. no. 1, p. 8.) Plaintiff thus fails to state a claim under the ADA. See Eaton v. Nat'l Older Worker Career Ctr., No. 7:20-CV-00035-LSC, 2020 WL 6585605, at *2 (N.D. Ala. Nov. 10, 2020) (granting motion to dismiss where plaintiff failed to allege requisite number of employees under ADA); Ewing v. Moore, No. 7:17-CV-00743-LSC, 2018 WL 3852297, at *5 (N.D. Ala. Aug. 13, 2018) (granting motion to dismiss Title VII complaint in part because of failure to allege fact sufficient to satisfy employee numerosity requirement).

### C. The Complaint Fails to Allege Facts Sufficient to State a Discrimination Claim

A plaintiff must allege he or she (1) is disabled, (2) is a qualified individual, and (3) was subjected to unlawful discrimination because of his or her disability. Shepard v. United Parcel Serv., Inc., 470 F. App'x 726, 728 (11th Cir. 2012). The Complaint fails to allege facts that satisfy the first two elements.

With respect to the first element, the ADA defines a disability as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1). The Complaint provides no basis for a finding of disability under any of these categories. Plaintiff merely alleges she suffers from autism, depression, anxiety, and ADD without any details that would provide a basis for a finding of disability under any of the three categories. See, e.g., Andrews v. City of Hartford, 700 F. App'x 924, 927 (11th Cir. 2017) (holding plaintiff's conclusory statement he was fired because of disability was insufficient to state discrimination claim).

The Complaint also fails to satisfy the second element by proffering facts to establish Plaintiff is a "qualified individual." Under the ADA, "[a] 'qualified individual with a disability' is an 'individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires.'" Gordon v. E.L. Hamm & Assocs., 100 F.3d 907, 911 (11th Cir. 1996) (quoting 42 U.S.C. § 12111(8)). A person who is not able to perform the essential functions of a job even with reasonable accommodation is not a qualified individual and,

5

therefore, not covered by the ADA. See Davis v. Florida Power & Light Co., 205 F.3d 1301, 1305 (11th Cir. 2000). Essential functions are "the fundamental job duties of the employment position" but do not include "the marginal functions of the employment position." 29 C.F.R. § 1630.2(n)(1).

In order to assess whether Plaintiff was a "qualified individual," the Court must first determine the essential functions of the job she applied for, and then turn to whether she could perform those functions. The problem, however, is Plaintiff provides no description of her essential job functions nor any information to determine whether she could perform those functions with or without reasonable accommodation. Indeed, Plaintiff merely states she was hired as a "Lead Teacher," without describing what the job title entailed. Without such information, the Court is unable to find Plaintiff is a qualified individual under the ADA.

### III.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's Complaint be **DISMISSED** for failure to state a claim and this civil action be **CLOSED**.

SO REPORTED AND RECOMMENDED this 24th day of February, 2021, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA